UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| TAMARAH NORTON, | ) |
| Plaintiff, | ) |
| | ) **CIVIL ACTION NO.:** 1:20-CV-11299-GAO |
| v. | ) |
| | ) |
| ARCHETYPE CONSULTING, INC., | ) |
| JASON WEBSTER, MAX GOMEZ, and | ) **LEAVE TO FILE GRANTED ON** |
| ANDY SCHLOSBERG, | ) **12/28/2020** |
| Defendants. | ) |

**DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF
MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

Defendants Archetype Consulting, Inc. ("Archetype"), Jason Webster ("Webster"), Max Gomez ("Gomez"), and Andy Schlosberg ("Schlosberg") (collectively, "Defendants") hereby respectfully submit this Reply Memorandum in Support of their Motion to Dismiss Plaintiff's Amended Complaint.

## 1. Plaintiff's Discretionary Bonus Is Not A Wage Under The Massachusetts Wage Act.

Despite her shifting, vague allegations of some purported entitlement to yearly bonuses, Plaintiff Tamarah Norton ("Plaintiff" or "Norton") has not identified *any* provision in her Practice Leader Bonus Plan ("Bonus Plan")[1] that obligated Archetype to pay her the discretionary bonuses upon which she predicates her allegations of Massachusetts Wage Act ("Wage Act") violations. Unlike Plaintiff's opaque allegations, the Bonus Plan is clear that Archetype was not obligated to pay Plaintiff the discretionary bonuses of which she complains. Under controlling precedent, discretionary bonuses that employers are under no obligation to award do not constitute wages under the Wage Act. *Weems v. Citigroup, Inc.*, 453 Mass. 147, 153-154 (2009); *see also Weiss v. DHL Express, Inc.*, 718 F.3d 39, 48 (1st Cir. 2013) ("Because DHL was under no obligation to pay the bonus, Weiss was not deprived of wages that he earned.") Accordingly, Plaintiff's Wage Act claims should be dismissed.

The Bonus Plan expressly provides that Archetype retained discretion over the administration of the plan, any decision whether to award a bonus, and the amount of any such bonus.[2] Plaintiff attempts to sidestep Archetype's discretion under the Bonus Plan by

---

[1] Norton was a member of Archetype's leadership team, and one of three practice leaders at Archetype. Notably, Norton does not, and cannot, allege that she was subjected to disparate treatment in Archetype's decision not to award discretionary bonuses for 2019 given that none of her peers were awarded a bonus for 2019 because Archetype was not profitable in 2019.

[2] For example, the Bonus Plan provides: "Participation in the Plan and the payment of any sums hereunder shall be in the sole and absolute discretion of Archetype" (Bonus Plan at § I.A) (Copies of Jason Webster's May 21, 2018 email to Ms. Norton, and the attached offer letter and Bonus Plan were attached to Defendants' Memorandum in Support of Motion to Dismiss Amended Complaint as Exhibit A.); "All payments under this Plan are fully

referencing "a formula for calculating the amount owed" and "detailed formulae for calculating bonus payments 'based on revenue recognized in the plan year' generated by Norton." (Plaintiff's Memorandum of Law in Opposition to Defendants' Motion to Dismiss First Amended Complaint ("Opposition") at p. 5.)  Contrary to Plaintiff's suggestion, however, nothing in the Bonus Plan somehow removes Archetype's discretion to determine whether to award a bonus, or its discretion to decide the amount of any such bonus.   Indeed, the formulae referenced by Plaintiff are under a header entitled "Bonus Model *Considerations and Guidelines* for Calculation" and refer to "Total Bonus *Potential*."  (Bonus Plan at § III.B) (emphasis added.) Simply put, the Bonus Plan does not create any obligation by which Archetype was required to award a non-discretionary bonus based on the formulae referred to by Plaintiff.[3]

Plaintiff's argument that "[t]he Wage Act covers earned bonuses, especially where they are based on revenues generated by an employee" (Opposition at 6) misstates the law and confuses Plaintiff's *belief* that she *deserves* payment of the discretionary bonuses with Archetype's actual *obligations* under the terms of the Bonus Plan.  "For purposes of the Wage Act, it is well-settled that 'not everything that is earned is a wage.'"  *Roche v. Morgan Collection, Inc.*, 882 F. Supp. 2d 247, 255 (D. Mass. 2012) (quoting *Sterling Research, Inc. v. Pietrobono*, 2005 U.S. Dist. LEXIS 31267) (citations omitted).  "Rather, the Act distinguishes

---

discretionary payments." (*Id*. at § I.D.); "Payments under this Plan are discretionary and extraordinary item of compensation that are outside the normal, regular or expected compensation, and in no way represent any portion of a Plan Participant's salary or wages." (*Id*.); "Archetype reserves the right to interpret this Plan document on a fully discretionary basis . . . including, but not limited to . . . determine the amount, if any, to be paid under the Plan. Nothing in this Plan is intended to create an entitlement to any employee for any incentive payment hereunder except as Archetype may determine in its discretion." (*Id*. at § II.A.)

[3] The Bonus Plan also contains a "2019 Bonus guarantee" that provides '[y]our 2019 base plus bonus minimum is guaranteed according to Archetype's total corporate revenue as follows: . . . [.]" Plaintiff has not, and cannot, allege that Archetype breached this 2019 bonus guarantee based on total corporate revenues.  Instead, the formula referenced by Plaintiff that she contends somehow entitles her to the claimed bonuses relates to "EPM Practice Revenue."  As discussed above, Archetype retained discretion as to whether, and how much, of this potential EPM Practice Revenue bonus to award.

between assured compensation, and contingent compensation." *Id*. (citing *Baptista v. Abbey Healthcare Grp., Inc.*, 1996 U.S. Dist. LEXIS 22797 (D. Mass. Apr. 10, 1996)). Here, Plaintiff confuses her belief that she *should* have been paid the discretionary bonuses with the question of whether Archetype was *obligated* under the Bonus Plan to pay such bonuses. As this Court previously stated:

> "The Wage Act does not give employees a right to demand payment for what they believe they *should* be paid. For example, for the payment of commissions, the Wage Act only applies when commissions are 'arithmetically determinable'. Similarly, discretionary bonuses do not fall under the Act because 'employers are . . . under no obligation to award them.'"

*Costello v. Whole Foods Mkt. Grp., Inc.*, No. 16-10673-GAO, 2016 U.S. Dist. LEXIS 104183, *9 (D. Mass. Aug. 8, 2016) (O'Toole, J.) (citations omitted).

Plaintiff's Wage Act claims should be dismissed because Plaintiff's discretionary bonuses are not wages under the Wage Act.

**2. <u>Plaintiff's Discretionary Bonus Is Not An Earned Commission Under The Wage Act.</u>**

In an effort to get around the fact that Plaintiff's discretionary bonuses do not support a claim for purported Wage Act violations, Plaintiff attempts to convert her discretionary bonuses into earned commissions. Plaintiff's efforts, however, fail as a matter of law. For example, Plaintiff's reliance on *McAleer v. Prudential Ins. Co. of Am.*, 928 F. Supp. 2d 280 (D. Mass. 2013) to argue that Archetype could not refuse to pay Norton's potential bonus based on its discretion under the Bonus Plan is misplaced. (Opposition at p. 9-10.) In *McAleer*, Judge Woodlock noted that "[w]hile Prudential exercises substantial discretion in the *administration* of the commission plan, the commissions are not *themselves* discretionary." *Id*. at 288. Here, unlike in *McAleer*, Archetype retained discretion over the administration of the plan, as well as any decision as to whether to award a bonus and the amount of any such bonus.

In *Comley v. Media Planning Grp*, 108 F. Supp. 3d 6 (D. Mass. 2015), Judge Stearns rejected Plaintiff's argument that a potential bonus payment based on objective criteria should be treated as an earned commission rather than as a bonus. *Id*. at 10-11.  In doing so, Judge Stearns distinguished *McAleer* on the basis that the employer in *Comley* retained discretion, as here, not just in the administration of the plan, but also over the decision as to whether to award a bonus. *Id*. at 11 ("While the result may seem harsh, discretion is what it is, and if retained by the employer over the award of a bonus, the employee, under *Weems*, has no resort to the Wage Act.")  As in *Comley*, Archetype retained discretion as to any decision as to whether to award a bonus and the amount of any such bonus, and therefore, Norton's potential, discretionary bonuses are not wages under the Wage Act.

Plaintiff's reliance on *Israel v. Voya Institutional Plan Servs., LLC*, No. 15-CV-11914-ADB, 2017 U.S. Dist. LEXIS 37961 (D. Mass. Mar, 16, 2017) in an effort to somehow convert Norton's discretionary bonus into a commission is also misplaced.  In *Israel*, plaintiff's variable compensation was determined according to an Advisor Production Compensation Plan (the "Plan").  *Id*. at *2. Under the Plan, the variable component of plaintiff's compensation consisted of three parts: the Individual Component, the Discretionary Component, and the Forfeiture Component.  *Id*. at *3.  The plaintiff in *Israel* was never entitled to receive a payment from the Discretionary Component such that the Discretionary Component was not relevant to the Court's decision. *Id*. at *4-5.  The issue in *Israel* was whether the Individual Component and Forfeiture Component of the Plan constituted a "commission" (subject to Wage Act) or a "bonus" (not subject to Wage Act).  *Id*. at *10-12.  In reaching the conclusion that such components of the Plan constituted commissions, Judge Burroughs focused on the fact that these payments were "part of Israel's monthly pay," "form[ed] a part of the employee's ordinary compensation," and

4

"constituted a significant portion of his monthly pay," rather than "the occasional, infrequent, and exceptional nature of a bonus." *Id*. at *17-21. Here, unlike in *Israel*, the discretionary bonuses were not part of Norton's monthly pay, but instead were akin to the retention bonuses that have been determined not to be subject to the Wage Act. *See Weems*, 453 Mass. 147 (Mass. 2009); *Weiss*, 718 F.3d 39 (1st Cir. 2013); *Sheedy v. Lehman Bros. Holdings Inc.*, No. CIV. A 11-11456-RGS, 2011 U.S. Dist. LEXIS 131003) (D. Mass. Nov. 14, 2011); *see also Roche*, 882 F. Supp. 2d at 255 ("The Wage Act also encompasses certain commissions, although 'courts have held that where the payment is erratic, such as a yearly bonus, the payment does not constitute a commission as defined under the Act.") (*quoting Wilkie v. NETS, Inc.*, 2005 Mass. Super. LEXIS 518 (Mass. Super. Ct. Sept 16, 2005)).[4] Indeed, Norton's Bonus Plan expressly states that "[p]ayments under this Plan are discretionary and extraordinary item of compensation that are outside the normal, regular or expected compensation, and in no way represent any portion of a Plan Participant's salary or wages." (Bonus Plan at § I.D.)

There is no basis to treat Plaintiff's discretionary bonus as an earned commission. Accordingly, Plaintiff's Wage Act claims should be dismissed.

---

[4] Plaintiff's reliance on *Harrison v. NetCentric Corp.*, 433 Mass. 465 (2001), *Lambirth v. Advanced Auto, Inc.*, 140 F. Supp. 3d 108 (D. Mass. 2015), *Levesque v. Schroder Inv. Mgmt. N. Am., Inc.*, 368 F.Supp. 3d 302 (D. Mass. 2019), and *Feygina v. Hallmark Health Sys., Inc.*, No. MICV2011-03449, 2013 Mass. Super. LEXIS 72 (Mass. Super. Ct. July 12, 2013) to somehow convert her discretionary bonus into a commission is similarly misplaced. *Harrison* does not even relate to claims under the Wage Act and is, therefore, inapplicable to the analysis. The issue in *Lambirth* was whether the Wage Act applied to overtime wages due under federal law, not commissions or bonuses. In *Levesque*, Judge Gorton decided that the plaintiff had adequately alleged a Wage Act claim with respect to the "quantitative compensation" portion of the defendant's incentive compensation plan because plaintiff alleged he was paid quarterly based on a percentage of his individual gross sales such that said payments were akin to that of commissions, not bonuses. Norton's Amended Complaint contains no such allegations. Similarly, in *Feygina*, plaintiff had a written employment contract that required defendant to pay plaintiff a base salary and additional incentive compensation in accordance with its terms, but defendant failed to abide by such terms. Here, unlike the employment agreement in *Feygina*, Norton's Bonus Plan did not obligate Archetype to pay the discretionary bonuses. Rather, in Norton's Bonus Plan, Archetype retained discretion as to whether to pay any bonus and to determine the amount of any such bonus. Unlike in *Feygina*, Norton's Bonus Plan did not obligate Archetype to pay Norton any set bonus. *See* Comley, 108 F. Supp. 3d at 11 ("While the result may seem harsh, discretion is what it is, and if retained by the employer over the award of a bonus, the employee, under *Weems*, has no resort to the Wage Act.")

3. **The Court Should Decline Plaintiff's Invitation To Expand The Protections Of The Wage Act To Discretionary Bonuses That Were Purportedly "Definitely Determined" And "Declared Due And Payable" Because Doing So Would Impermissibly Expand The Scope Of The Wage Act.**

Unable to support the theory that her discretionary bonus constitutes an earned commission under the terms of the Bonus Plan or the Wage Act, Plaintiff resorts to the fanciful theory that her discretionary bonuses were "definitely determined" and "declared due and payable" by Archetype, and, according to Plaintiff, thereby constituted a wage under the Wage Act. (Opposition at p. 4.) Notably absent from Plaintiff's argument is any caselaw that supports the proposition that a discretionary bonus converts to a "wage" when it is "definitely determined" and "declared due and payable" by the employer.

Moreover, Plaintiff has failed to allege specific facts from which it can reasonably be inferred that Archetype declared her 2018 bonus to be "due and payable," rather than a mistaken understanding on Plaintiff's part that she was entitled to be paid the discretionary bonus that she believes she earned. As such, Plaintiff's conclusory allegations do not support any plausible claim, let alone a viable Wage Act claim. For example, Plaintiff's Amended Complaint alleges "Norton understood her full bonus for 2018 would equal $165,000" and that "this was part of their employment negotiations." (Amended Complaint at ¶ 12.)[5] Yet, the Bonus Plan expressly supersedes all prior understandings. (Bonus Plan at § I.D.) In addition, Plaintiff's "understanding" is not consistent with the terms of the Bonus Plan, which includes an express notation that her total bonus potential would be pro-rated based on her start date (mid-2018) such that her full potential bonus amount equaled $82,500, not $165,000. (Bonus Plan at § III.B.)

---

[5] Notably, in her original Complaint, Norton did not allege that Archetype had "declared" her 2018 bonus to be "due and payable," but rather that Archetype had not calculated her bonus properly in accordance with the Bonus Plan. (Complaint at ¶ 12.)

6

Plaintiff's allegations with respect to her 2019 bonus also do not support a plausible Wage Act claim. Plaintiff alleges that she was paid $50,000 in April 2020 (Amended Complaint at ¶ 26), and was awarded a promissory note in the amount of $301,653.75 in May 2020 in connection with her discretionary 2019 bonus (Id. at ¶ 27.) Plaintiff identifies no support for her incongruous position that, although discretionary bonuses are not "wages" under the Wage Act, the Wage Act somehow penalizes an employer for offering to defer payment of a substantial discretionary bonus which it would not otherwise be obligated to pay.

Norton's allegations concerning a 2020 Quarterly Performance Bonus also do not support a plausible Wage Act Claim. In particular, Plaintiff's Amended Complaint fails to identify any facts indicating when this purported bonus was to be paid, whether Archetype had waived its discretion with respect to such quarterly bonuses, whether Archetype had modified the terms of the Bonus Plan requiring the employee to be employed on the date on which the company pays out the bonus, or any other metric that Plaintiff was required to meet in order to have earned any such bonus. Plaintiff's conclusory allegations fail to support an entitlement to a 2020 Quarterly Performance Bonus and, therefore, should be dismissed.

Plaintiff's shifting allegations concerning purported promises of payment of discretionary bonuses are not well pled, and therefore, fail to support any claim to relief. Even if, however, the Court were to accept as true these conclusory allegations, Plaintiff has failed to identify any support for her theory that such promises converted non-actionable discretionary bonuses into actionable "wages" under the Wage Act. Accordingly, her Wage Act claims should be dismissed.

4. *Brennan* **Does Not Support Plaintiff's Latest Theory Of The Case.**

Plaintiff's argument that the Decision and Order Regarding Defendant's Partial Motion

for Summary Judgment in *Brennan v. Arthur D. Little, Inc.* is "directly on point" and "stands for the proposition that bonuses that have been *declared* by the employer are earned wages, covered by the Wage Act" (Opposition at 8-9) misses the mark. *Brennan* does not hold that a discretionary bonus which an employer is not obligated to pay is converted into a "wage" upon "declaring" it was "earned." Rather, *Brennan* stands for the unremarkable proposition that a bonus that an employer is *obligated* to pay under the terms of an employment agreement constitutes a wage under the Wage Act. This is entirely consistent with the holdings of *Weems*, 453 Mass. at 153-154 and *Weiss*, 7*18* F.3d at 48, and does not constitute a significant expansion of the Wage Act or otherwise support Plaintiff's fanciful theory in this case.

The *Brennan* decision explains that "Plaintiff alleges that ADL has failed to pay him more than $1 million in earned bonus compensation on Project SYCamore ***in violation of the terms of his employment contract*** and the provisions of the Massachusetts Wage Act, G.L. c. 149, § 148 (the 'Wage Act')." (emphasis added.) *Brennan* held that "there is a genuine issue of material fact regarding ADL's ***obligation*** to pay Plaintiff the full amount of his claimed bonus on Project SYCamore that precludes the entry of summary judgment on Count I of Plaintiff's Complaint." (emphasis added.) Indeed, the Complaint in *Brennan* includes allegations concerning ADL's obligation to pay the sales bonuses under the terms of his employment agreement and also includes a count for breach of contract in which plaintiff alleged that ADL breached the employment agreement by not paying him compensation due to him under the terms of the employment agreement. (*Brennan's* Complaint at ¶¶ 21-25, 29-36, 101-102, attached hereto as **Exhibit A** ). Here, unlike in *Brennan*, Plaintiff does not, and cannot, assert that Archetype was *obligated* to pay the discretionary bonus under the terms of the Bonus Plan. Nor does Plaintiff's Amended Complaint include a count for breach of the Bonus Plan. Simply

8

put, *Brennan* does not advance Plaintiff's efforts to convert a discretionary bonus, which Archetype was not obligated to pay under the terms of the Bonus Plan, into a "wage" subject to the terms of the Wage Act.

### 5. **The Bonus Plan And Promissory Note Are Not Prohibited Special Contracts.**

Plaintiff's argument that the Bonus Plan and the promissory note are prohibited special contracts is unsupportable, and makes no sense. The Wage Act provides, in relevant part: "No person shall by a special contract with an employee or by any other means exempt himself from this section." G.L. c. 149, § 148. As discussed above, discretionary bonuses that employers are under no obligation to award do not constitute wages under the Wage Act. *Weems*, 453 Mass. at 153-154; *Weiss,* 718 F.3d at 48. Given the established, binding precedent that discretionary bonuses do not constitute wages, there is no basis to find that Norton's Bonus Plan or the promissory note somehow constitute a prohibited "special contract . . . [that] exempts [Norton]" from the protections of the Wage Act. Since her discretionary bonus does not constitute a wage under the Wage Act, there is no "special contract" by which Norton exempted herself from the Wage Act's protections. In other words, since her discretionary bonuses are not a protected wages, neither the Bonus Plan or promissory note could possibly constitute a prohibited special contract. *See Levesque v. Schroder Inv. Mgmt. N. Am., Inc.*, 368 F. Supp. 3d 302, 313 (D. Mass. 2019) (rejecting plaintiff's argument that the defendant's incentive compensation plan's deferral program, which rendered the compensation discretionary, constituted a special contract under the Wage Act.)

Plaintiff's argument that "to the extent that [Archetype] seeks to rely upon the promissory note to avoid the 2019 bonus, that note is another prohibited special contract" (Opposition at p. 11) epitomizes the incongruous position Plaintiff asks this Court to adopt – given that Archetype

9

was not obligated to pay Norton *any* discretionary bonus, it defies logic to argue that Archetype was somehow not allowed to defer payment of a *substantial* discretionary bonus in accordance with the terms of the Bonus Plan and the promissory note.  Notably, Norton has not alleged that Archetype has breached the terms of the promissory note, and therefore, her argument that Archetype somehow seeks to rely upon the promissory note to avoid the 2019 bonus makes no sense.[6]  Indeed, it is, in fact, the promissory note - not the Bonus Plan or the Wage Act - that now obligates Archetype to pay Norton in excess of three hundred thousand dollars ($300,000) to which she would not otherwise be entitled.  Plaintiff's claim concerning the 2019 bonus shows that her Wage Act claims are predicated on what she believes she *should* have been paid, not what Archetype was *obligated* to pay her.  Of course, as this Court has previously stated: "The Wage Act does not give employees a right to demand payment for what they believe they *should* be paid."  Costello, 2016 U.S. Dist. LEXIS 104183 at * 9.

## CONCLUSION

For the foregoing reasons and the reasons previously stated in Defendants' Memorandum in Support of their Motion to Dismiss, Defendants Motion to Dismiss should be granted.


Dated: December 31, 2020                                   Respectfully submitted,


                                                           /s/ Jonathan W. Lent
                                                           Jonathan W. Lent (BBO # 655235)
                                                           Danielson Legal, LLC
                                                           One Mifflin Place, Suite 400
                                                           Cambridge, MA 02138
                                                           (617) 714-9579
                                                           jonathan@danielsonlegal.com

                                                           Attorney for Defendants

---

[6] Norton's Amended Complaint, in fact, acknowledges that Archetype is fulfilling its obligations under the promissory note.  (Amended Complaint at ¶ 58.)

## **CERTIFICATE OF SERVICE**

I hereby certify that this document was filed through the CM/ECF system on December 31, 2020 and will therefore be sent electronically to the registered participants as identified on the NEF and paper copies will also be sent to those indicated as non-registered participants.

/s/ Jonathan W. Lent