UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 20-11299-GAO

TAMARAH NORTON,
Plaintiff,

v.

ARCHETYPE CONSULTING, INC., JASON WEBSTER, MAX GOMEZ, and ANDY SCHLOSBERG,
Defendants.

OPINION AND ORDER
June 8, 2023

O'TOOLE, D.J.

The plaintiff Tamarah Norton has brought several claims against her employer Archetype Consulting, Inc. and three of its senior executives. Against all defendants, she claims late and unpaid wages under the Massachusetts Wage Act (Count I) and retaliatory discharge under the same provision (Count II). Against Archetype alone, she claims breach of the covenant of good faith and fair dealing (Count III), unjust enrichment/quantum meruit (Count IV), and promissory estoppel (Count V). The defendants have moved to dismiss the complaint. For the reasons set forth below, the motion is granted as to individual defendant Max Gomez but is otherwise denied.

The Wage Act's "basic purpose . . . is 'to prevent the unreasonable detention of wages.'" Weems v. Citigroup, Inc., 900 N.E.2d 89, 92 (Mass. 2009) (quoting Bos. Police Patrolmen's Ass'n v. Boston, 761 N.E.2d 479, 481 (Mass. 2002)). To that end, the Act "imposes liability on employers who fail timely to pay wages earned by their employees." Figueroa v. Cactus Mexican Grill LLC, 575 F. Supp. 3d 208, 215 (D. Mass. 2021). "Wages" include commissions that "ha[ve] been definitely determined and ha[ve] become due and payable." Mass. Gen. Laws ch. 149, § 148;

accord Parker v. EnerNOC, Inc., 139 N.E.3d 328, 334 n.11 (Mass. 2020). Discretionary bonuses are generally not considered "wages," although there is a "possible exception . . . where the bonus has been promised, the employee has fulfilled her end of the bargain, and yet the employer attempts to renege." Israel v. Voya Institutional Plan Servs., LLC, No. 15-cv-11914-ADB, 2017 WL 1026416, at *6 (D. Mass. Mar. 16, 2017).

Norton alleges that she was entitled to certain commissions under Archetype's bonus plan, which the defendants have attached to their Motion to Dismiss. She alleges that Archetype paid the commissions she earned, "in the vast majority (if not all) situations, . . . late." (Am. Compl. ¶¶ 41–43, 66 (dkt. no. 13).) She also alleges that Archetype told her she had earned bonuses in 2018–2020, repeatedly promised to pay them, but never did. Those allegations are sufficient to state a claim under the Wage Act.[1]

The Wage Act's anti-retaliation provision provides that "[n]o employee shall be penalized by an employer in any way as a result of any action on the part of an employee to seek his or her rights under the wages and hours provisions of this chapter." Mass. Gen. Laws ch. 149, § 148A. To state a retaliation case under Massachusetts General Laws Chapter 149, Section 148A, a plaintiff must show "that [she] engaged in protected conduct, that [she] suffered some adverse action, and that a causal connection existed between the protected conduct and the adverse action." Mole v. Univ. of Mass., 814 N.E.2d 329, 338–39 (Mass. 2004) (quoting Mesnick v. Gen. Elec. Co., 950 F.2d 816, 827 (1st Cir. 1991)).

---

[1] Defendants also argue that Norton has failed to exhaust her state law remedies. But courts retain jurisdiction over Wage Act claims "where the Attorney General is notified of the suit during its pendency." Depianti v. Jan–Pro Franchising Intl., Inc., 990 N.E.2d 1054, 1062 (Mass. 2013). Norton notified the Attorney General on July 9, 2020 (the same day she filed her initial complaint) and received a right-to-sue letter the next day.

Norton's complaint states a claim for retaliation. She alleges that she continually complained to Archetype management about the "constant payment issues" concerning her commissions and bonuses. (Am. Compl. ¶¶ 44–47.) Archetype terminated her shortly after she made her statutory complaint, an allegation that permits an "inference of causation based on temporal proximity." Scalia v. F.W. Webb Co., No. 20-cv-11450-ADB, 2021 WL 1565508, at *5 (D. Mass. Apr. 21, 2021) (denying motion to dismiss a retaliation claim); see also Robert Reiser & Co. v. Scriven, 130 F. Supp. 3d 488, 497 (D. Mass. 2015) (denying motion to dismiss a "vague" Wage Act retaliation claim where the plaintiff alleged he was terminated after "express[ing] concerns about nonpayment of overtime").

Norton's Wage Act claims fail, however, with respect to defendant Gomez. Individual liability under the Wage Act attaches to "[t]he president and treasurer of a corporation and any officers or agents having the management of such corporation." Mass. Gen. Laws ch. 149, § 148. Courts have defined a person "having the management of such corporation" as one who "controls, directs, and participates to a substantial degree in formulating and determining policy of a corporation." Wiedmann v. Bradford Grp., Inc., 831 N.E.2d 304, 314 (Mass. 2005). Norton alleges that Gomez "routinely participated" in management. (Am. Compl. ¶ 69.) But "[s]ome management responsibility is not the same as 'the' management of the corporation." Segal v. Genitrix, LLC, 87 N.E.3d 560, 568 (Mass. 2017). According to Norton's amended complaint, defendant Jason Webster is Archetype's President, Treasurer, and Registered Agent, and is thus properly alleged to be a proper defendant. Id. at 569 (noting that "the Wage Act imposes categorical liability on a company's president and treasurer"). The complaint also alleges that defendant Andy Schlosberg was "the Senior Vice President . . . [who] oversaw, among other things, [Archetype]'s payroll

function." (Am. Compl. ¶ 69.) That allegation is sufficient to state a claim against him as well. Similar allegations are not made as to Gomez.

Norton's other claims against Archetype—for breach of the covenant of good faith and fair dealing, unjust enrichment/quantum meruit, and promissory estoppel—all survive dismissal for reasons similar to those discussed above. Norton deserves "some latitude" to attempt to prove her claims through discovery—particularly where "some of the information needed may be in control of the defendants." Menard v. CSX Transp., Inc., 698 F.3d 40, 45 (1st Cir. 2012) (quoting Pruell v. Caritas Christi, 678 F.3d 10, 15 (1st Cir.)).

The defendants' motion to dismiss (dkt. no. 19) is therefore GRANTED as to defendant Gomez but otherwise DENIED.

It is SO ORDERED.

/s/ George A. O'Toole, Jr.
United States District Judge